IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: WESTINGHOUSE SECURITIES LITIGATION, | CIVIL ACTION NO. 91-354 |
| This Document Relates To: | Judge Smith |
| ALL CLASS ACTIONS | |
|                           Plaintiffs, WILLIAM L. SCHWARTZ, IRA, | |
|                           Plaintiff, | CIVIL ACTION NO. 97-0309 |
| -against- | Judge Smith |
| WESTINGHOUSE ELECTRIC CORPORATION, et al.,, | |
|                           Defendants. | |
| DENA F. MILLER, | |
|                           Plaintiff, | CIVIL ACTION NO. 97-0960 |
| -against- | Judge Smith |
| WESTINGHOUSE ELECTRIC CORPORATION, et al., | |
|                           Defendants. | |

[~~PROPOSED~~] ORDER MAKING FINAL DISTRIBUTION AND DIRECTING
THE CLERK OF THE COURT TO CLOSE THE FILE IN THIS CASE

WHEREAS, this action was settled on a class basis by Stipulation of Settlement dated May 17, 1999 ("Stipulation") (attached hereto). The Settlement was approved pursuant to an Order and Final Judgment dated October 19, 1999. The class was defined as: all persons or entities who purchased shares of common stock of

Westinghouse Electric Corporation ("Westinghouse" or the "Company"), the predecessor to CBS Corporation ("CBS"), during the period from March 28, 1989 through October 22, 1991, inclusive.

WHEREAS, paragraph 19(e)(vii) on pages 23-24 of the Stipulation provides: "If any amount remains in the Net Settlement Fund following payment of all Recognized Claims by all Authorized Claimants, the amount remaining in the Net Settlement Fund shall be contributed to a charity to be agreed upon by the parties and approved by the Court." Counsel for the parties have conferred and agree that at this time this matter should be closed for all purposes and all remaining funds should be donated in equal share to the following 501 (c)(3) charitable organizations: The Diane Abbey Center for Children and Families at New York Law School and the National Association of Broadcasters Educational Foundation,

WHEREAS, as hereinafter set forth and pursuant to the order of this Court, the settlement proceeds were distributed under the direction of plaintiffs' counsel and the final distribution shall be made and the file in this case should be closed,

WHEREAS, Gilardi & Co., ("Gilardi" or the "Claims Administrator"), was retained by plaintiffs' counsel to receive and process claims filed by class members. In an Order Re: Distribution of Class Funds, dated November 20, 2000, it was ordered that the administrative determinations of Gilardi accepting and rejecting the claims be approved. It was also ordered that the balance of the Settlement Fund, less various payments to counsel and Gilardi, be distributed to qualified claimants who were listed on a computer printout submitted to the Court,

WHEREAS, Plaintiffs' Counsel and Gilardi believe that they have used reasonable and diligent efforts to distribute the Settlement Fund, and are unable to locate the remaining claimants. It is not believed that further efforts will be effectual. As a result of the foregoing and in order to achieve finality of this settlement administration, Gilardi recommends the entry of an Order declaring that the claims associated with the outstanding checks that were uncashed or undeliverable, be deemed invalid,

WHEREAS, it is virtually inevitable that a certain number of class members will deposit their settlement checks and a certain number of checks will be returned as undeliverable. Any further efforts to administer the settlement would be both futile and cost ineffective,

WHEREAS, by the Order Re: Distribution of Class Funds dated November 20, 2000, the Court approved the administrative determinations of Gilardi accepting and rejecting claims. Pursuant to that Order, Gilardi distributed the Net Settlement Fund to Authorized Claimants on January 16, 2001. Gilardi issued 35,860 checks to Authorized Claimants in the aggregate amount of $44,517,952.39. As is their standard practice, Gilardi made reasonable attempts to locate the claimants whose checks remained uncashed or were returned as undelivered by the Post Office. A National Change of Address search ("NCOA") was performed for claimants whose checks were returned as undeliverable from the U.S. Postal Service. In addition, letters were sent to addresses of record and personal contract via telephone or email was done,

WHEREAS, after consultation with Plaintiffs' Counsel, Gilardi conducted a second distribution with the residual funds remaining after the first distribution. On November 26, 2003, Gilardi issued 2,781 checks in the aggregate amount of $450,980.53

for Authorized Claimants who cashed their January 16, 2001 distribution check and would receive at least $10.00 on the redistribution. On April 3, 2009, a third distribution occurred of 1,245 checks in the aggregate amount of $121,153.55 for Authorized Claimants who cashed their January 16, 2001 distribution check and would receive at least $10.00 on the redistribution. After making this distribution, Gilardi monitored the status of claimant checks. As is their standard practice, GCG made reasonable attempts to locate the claimants whose checks remained uncashed or were returned as undelivered by the Post Office. A NCOA search was performed for claimants whose checks were returned as undeliverable from the U.S. Postal Service,

WHEREAS, as of May 11, 2001, after anticipated costs associated with the filing of the 2011 tax return a total of $15,004.35 remains in the Settlement Fund. Currently, all outstanding uncashed checks are stale-dated. Plaintiffs' Counsel are not requesting any additional fees or expenses,

WHEREAS, Plaintiffs' Counsel and the Claims Administrator's request for an Order, (1) authorizing the final distribution of the residual balance of the Settlement Fund identified in the Affidavit of Bruce H. Cozzi of Gilardi; and (2) permitting the Claims Administrator to dispose of all claim forms submitted in connection with this litigation, and (3) that after making final distribution and administration of the settlement fund direct the Clerk of the Court to close the file in this case.

. WHEREAS, the Court has determined that good cause exists to grant the request in its entirety, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. That our pursuant to the Order providing for administration of the settlement proceeds in this case, that the remaining balance of the Settlement Fund (plus accrued interest) shall be distributed by plaintiffs' counsel and defendant's counsel to agreed upon 501 (c) (3) tax exempt organizations;

2. The Claims Administrator may dispose of all claims forms submitted in connection with the litigation; and

3. That upon performing the matters herein to be performed, that the Clerk of the Court be directed to close the file in this case.

Submitted by:

Arthur N. Abbey
ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street
New York, New York 10016
(212) 889-3700
Co-Lead Counsel for Plaintiffs and the Class

Dennis Block
CADAWALADER
One World Financial Center
New York, NY 10281
Counsel for Defendants

Dated: 11/10 , 2011

SO ORDERED.

5